**Electronically Filed
Intermediate Court of Appeals
28289
08-AUG-2011
09:54 AM**

NOS. 28289 & 28694

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HEINRICH ALEXANDER RIETHBROCK, Plaintiff-Appellant, v.
MARION BARBARA LANGE, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. 04-1-0147)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)

Plaintiff-Appellant Heinrich Alexander Riethbrock
("Riethbrock") appeals from the October 26, 2006 Order Denying
Pending Motions ("Pending Motions Order"), entered in the Family
Court of the Second Circuit ("Family Court").[1] The case was
assigned appellate case number 28289. Riethbrock subsequently
appealed from the Family Court's July 24, 2007 Order Pertaining
to Request for Attorney's Fees ("Fees Order"). The second case
was assigned appellate case number 28694. On July 6, 2011, the
two cases were consolidated for disposition under case number
28289.

On appeal, Riethbrock contends that the Family Court
committed reversible error (1) in denying his motion for a stay
of orders to sell the property and home located at 241 Hiwalani
Loop in Pukalani, on the island of Maui ("Pukalani Property") and
for dismissal of the action, (2) in authorizing escrow to release
$100,000 of the net sale proceeds from the Pukalani Property to
his ex-wife, Defendant-Appellee Marion Barbara Lange ("Lange")
and her former attorney, and (3) in ordering him to pay Lange's

---

[1] The Honorable Simone Polak presided.

attorney's fees and costs totaling $73,838.80.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the Family Court's decisions and address Riethbrock's points of error as follows:

(1) "The time limit specified in [Hawaii Revised Statutes ("HRS")] § 580-56(d) pertains to the family court's jurisdiction to resolve the property division issue, and to decide how the property of the parties will be distributed." *Richter v. Richter*, 108 Hawai'i 504, 506-07, 122 P.3d 284, 286-87 (App. 2005) (citation omitted). HRS § 580-56(d), however, does not divest the Family Court of jurisdiction to enforce timely made property division orders. *Id.* at 507, 122 P.3d at 287.

In his first point of error in appellate case number 28289, Riethbrock contends that the Family Court was barred from proceeding with the sale of the Pukalani Property more than a year after issuing the parties' divorce decree because the parties' marital property had not been finally divided and distributed as necessary under *Boulton v. Boulton*, 69 Haw. 1, 730 P.2d 338 (1986) and HRS § 580-56(d). The Family Court, however, held that it had timely divided the property and, implicitly, that this was sufficient under *Boulton*:

> Although not explicitly stated in the Court's June 8, 2006 Order, it is implicit that the Court was dividing the real estate on the basis that each party would receive a one-half share of the net sale proceeds of the property, because the Court ordered that Mr. Riethbrock's one-half share of the proceeds would initially be placed in a trust fund for past and future child support payments. Therefore, the Court has finally divided the property within the one-year period as required by HRS § 580-56(d).

After review of the entire record, we concur with the Family Court.

As Lange's interest in the Pukalani Property and the methodology by which she would receive that interest had been timely determined, the Family Court did not err in denying Riethbrock's October 5, 2006 motion to stay sale of the property. *Torres v. Torres*, 100 Hawai'i 397, 410-12, 60 P.3d 798, 811-13 (2002) (divorce decree amended more than one year after decree

first issued for purposes of perfecting ex-wife's entitlement to her fifty percent interest in ex-husband's retirement pension benefits did not violate HRS § 580-56 as it did not affect ex-husband's entitlement to his share of the retirement benefits). Consequently, as well, the Family Court did not err in denying Riethbrock's motion to dismiss.

(2) Riethbrock's second point of error in appellate case number 28289 concerning the January 23, 2007 Order Granting Ex Parte Motion Releasing Defendant's Funds From Escrow arose two months after the notice of appeal was filed. As a result, we lack jurisdiction to further address the point. *Cook v. Surety Life Ins., Co.*, 79 Hawai'i 403, 409, 903 P.2d 708, 714 (App. 1995) (When a party appeals from a single order, "this court will only consider other orders which were preliminary rulings upon which the subject Order was predicated or were part of the series of orders which collectively led to that Order.").

(3) In appellate case number 28964, Riethbrock asserts that the Family Court committed reversible error by ordering him to pay Lange's attorney's fees and costs totaling $73,838.80.[2/] Specifically, Riethbrock argues that the Family Court erred by not entering the required findings of fact with respect to bad faith, by failing to comply with the requirements of HRS § 580-47, and because the order was "in violation of judicial estoppel rules."

---

[2/] The Fees Order provided, in relevant part, that:

After review of the submissions by the parties, the Court enters the following orders:

1. With regard to the requested amount of $65,928.51, Plaintiff shall pay to Defendant the amount of $65,928.51.

2. Plaintiff also shall pay to Defendant the amounts of $6,104.13 for fees and costs from April 18, 2006 to June 5, 2006, and $1,806.16 in fees and costs from August 7, 2006 to August 16, 2006.

While a large portion of the $65,928.51 is attributable to bad faith and abusive litigation tactics by Plaintiff, the Court finds additionally that this award is appropriate pursuant to the factors set forth in HRS 580-47 as argued by Defendant in his submissions.

(Footnotes omitted.)

1.    Bad Faith

"[I]n order to facilitate a meaningful and more efficient appellate review, an order imposing sanctions should set forth findings that describe, with reasonable specificity, the perceived misconduct (such as harassment or bad faith conduct), as well as the appropriate sanctioning authority." *Enos v. Pacific Transfer & Warehouse, Inc.*, 79 Hawai'i 452, 459, 903 P.2d 1273, 1280 (1995) (citation omitted). If the sanction order does not contain specific findings, we review the entire record for an abuse of discretion. *Id.*

In the Fees Order, the Family Court referenced Lange's recitation of Riethbrock's misconduct advanced in her notice of submission filed February 9, 2007, in support of her request for fees. The Family Court's explicit reference to and implicit adoption of the enumerated examples of misconduct is sufficient to establish that the court did not abuse its discretion in determining bad faith.

2.    HRS § 580-47 (2006)[3/]

In determining the fair and reasonable amount of

---

[3/]    At least two subsections are implicated.

   (a) Upon granting a divorce, or thereafter . . . the court may make any further orders as shall appear just and equitable . . . . (4) allocating, as between the parties, the responsibility for the payment of . . . attorney's fees, costs, and expenses incurred by each party by reason of the divorce. In making these further orders, the court shall take into consideration: the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case. . . .

      . . . .

   (f) Attorney's fees and costs. The court . . . may make such orders requiring either party to pay or contribute to the payment of the attorney's fees, costs, and expenses of the other party relating to such motion and hearing as shall appear just and equitable after consideration of the respective merits of the parties, the relative abilities of the parties, the economic condition of each party at the time of the hearing, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case.

HAW. REV. STAT. 580-47(a), (f).

4

attorney's fees, the court should consider the financial ability of the parties and the amount necessary for the efficient prosecution or defense of the action. *Farias v. Farias*, 58 Haw. 227, 233-34, 566 P.2d 1104, 1109 (1977) ("The trial court exercised its discretion, at least by implication, and determined that appellee should pay the attorney's fees incurred by appellant in connection with this divorce action.")

The Family Court stated that its decision was based in part on the factors set out in HRS § 580-47. "HRS § 580-47 confers broad discretion on the family court in granting an award of attorney's fees to one spouse. An award of litigation expenses is within the sound discretion of the family court, subject only to the standard that it is 'fair and reasonable.'" *Markham v. Markham*, 80 Hawai'i 274, 287-88, 909 P.2d 602, 615-16 (App. 1996) (footnote omitted).

Riethbrock failed to establish that the Family Court abused its discretion in awarding Lange the requested attorney's fees. The Family Court's award contains an inherent determination that the resulting award was fair and reasonable. Sufficient billing detail was provided to justify the court's award. In sum, we cannot say that the Fees Order was not fair and reasonable. *E.g.*, *Markham*, 80 Hawai'i at 288, 909 P.2d at 616.

3.   Judicial Estoppel

Riethbrock did not establish any relationship between the $41,000.00 in fees that Lange's counsel later compromised and the $73,838.80 requested and ordered here. As such, Lange's position with respect to the alleged debt of $73,838.80 is not clearly inconsistent with her position concerning the $41,000.00 debt. *Lee v. Puamana Cmty. Ass'n*, 109 Hawai'i 561, 576, 128 P.3d 874, 889 (2006). In addition, neither Lange nor her counsel persuaded any court to accept the $20,500.00 settlement. As such, there was no inconsistent position and no perception that "the first or the second court was misled." *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)).

Since two of the factors that would justify judicial estoppel are not present, the Family Court is not judicially

5

estopped from awarding attorney's fees and costs that it deemed fair and reasonable.

Therefore,

IT IS HEREBY ORDERED that the October 26, 2006 Order Denying Pending Motions, and the July 24, 2007 Order Pertaining To Request For Attorney's Fees entered in the Family Court of the Second Circuit are affirmed.

DATED: Honolulu, Hawai'i, August 8, 2011.

On the briefs:

R. Steven Geshell
for Plaintiff-Appellant.

James P. Brumbaugh and
Brian R. Jenkins
(Brumbaugh & Jenkins)
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge